Filed 1/5/24  P. v. Martinez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062276 |
| v. | (Super. Ct. No. 05CF1582) |
| PAUL JAVIER MARTINEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Melissa Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Paul Javier Martinez on appeal from the trial court's denial of his petition for resentencing benefits based on Penal Code section 1172.6.[1] Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, do not apply to appeals from the denial of section 1172.6 petitions. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 231.) Therefore, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel found no arguable issues and including a concise narration of facts. (*Id.* at p. 231.) The reviewing court should send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days, and if the defendant does not, the court may dismiss the appeal. (*Id.* at pp. 231-232.) While no independent review of the record is compelled, the court retains discretion to independently review the record in any appeal based on section 1172.6. (*Id.* at p. 232.)

We gave Martinez 30 days to file written argument on his own behalf. Martinez did not file a supplemental brief or letter. We exercise our discretion to independently review the record and find no arguable issue on appeal. We affirm the postjudgment order.

FACTS

The context for the limited issue of this appeal is taken from the prior nonpublished opinion, *People v. Martinez* (Sept. 14, 2012, G045646) (*Martinez*). As relevant to this appeal, Martinez was tried without any codefendant and a jury convicted

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we refer to the statute as section 1172.6. All further statutory references are to the Penal Code.

Martinez of aggravated assault and willful, deliberate, and premeditated attempted murder. The jury also found true Martinez personally used a deadly weapon and inflicted great bodily injury. (*Ibid.*) The convictions were based on allegations that in 2004, he used a knife to attack an individual who danced with the female companion of a person who had been at the crime scene with Martinez. (*Ibid.*) The jury also found Martinez had been sentenced to a prior prison term. (*Ibid.*)

Based upon the jury's verdicts and findings, the trial court sentenced Martinez "to prison for life with the possibility of parole . . . and a consecutive five-year term" based on "accompanying enhancements and [a] prior prison term allegation. The court stayed or struck the remaining sentences." (*Martinez, supra*, G045646.) We affirmed the judgment. (*Ibid.*)

In 2022, Martinez filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel and both sides submitted briefing. At a hearing, the court denied Martinez's petition. The court reasoned Martinez was ineligible for resentencing because "[t]he sole theory presented to the jury was that [Martinez] was the actual perpetrator" of the underlying attempted murder and the jury found Martinez personally used a deadly weapon and personally inflicted great bodily injury on the victim. The court also noted the jury was not instructed on natural and probable consequences, felony murder, conspiracy, or aiding and abetting liability. In its written decision, the court concluded that, "[b]ased on the record of conviction, the uncontroverted facts show the petitioner does not meet the statutory requirements necessary for relief." Martinez timely appealed.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) The statutes

3

were amended "to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, [and] was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6, which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Former § 1172.6, subd. (a); Stats. 2018, ch. 1015, § 4.)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to explicitly expand the category of individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) of that section now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief. A section 1172.6 petition must make "'a prima facie showing' for relief. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 960.) In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

Here, the trial court correctly concluded Martinez is ineligible for resentencing as a matter of law. The record established conclusively (*People v. Strong* (2022) 13 Cal.5th 698, 708) that he was not convicted of attempted murder under the natural and probable consequences theory or the felony-murder rule, and Martinez does not contend otherwise. Although we note one of the given jury instructions dealt with the topic of "other perpetrator[s]" (capitalization omitted), it clearly instructed the jury to disregard the possible involvement of another perpetrator in the underlying chain of events and to instead focus on "whether the defendant on trial here[, i.e., Martinez,] committed the crimes charged." All of the jury's instructions were premised on a theory

4

that Martinez was the actual perpetrator of the charged crimes.  We have independently reviewed the record and found no arguable issues on appeal.

DISPOSITION

The postjudgment order is affirmed.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

GOODING, J.

5